The Chief Justice
delivered the opinion of the court.
This was a bill in chancery, exhibited by Fraily against Reed’s heirs and Langford, and, after the death of the latter, revived against his heirs.
Fraily alledges, in substance, that he purchased of Reed a tract of land, being part of an unsúrveyed entry of 2000 acres, lying on Dick’s river, and paid the consideration thereof, for the conveyance of which. Reed executed to him an obligation. That the entry having been afterwards surveyed, Reed assigned the piatt and certificate of survey tc Langford, who promised to convey to Fraily the part pur- *363 «based iiy him, when the patent should be obtained; and that Langford has obtained a patent, but has wholly failed to convey to Fraily, and he therefore prays a decree for a conveyance.
A subsCj quent pui-chaser ofland * ⅛ a trustee’ & holds sub-u*e prlguch subsequent pur-gjat of frauds even tbo’ no profuse in wa*
A bill it-chancery a?of considera. ⅛ money, corfeídwil* be consider ed as. true so jo^hom the payment is atiedged to ^'de, & heir-3-■
The bill was taken for confessed, as to Reed’s heirs, and on the part of Langford’s heirs the statute against frauds and perjuries was pleaded, and an answer put in, denying the material allegations of the bill.
The circuit court, on a final hearing, dismissed the bill, and Fraily has brought the case to this court by writ of error.
The fact of the sale of the land, and the execution of the bond for the conveyance of it by Reed to Fraily, is in-contestibly established. But it is objected, that Fraily is not entitled to a decree for a conveyance from Langford’s heirs; 1st, Because, when Langford received the assignment of the plat and certificate of survey, he gave no promise or assurance in writing that he would convey to Fraily, and therefore was not bound to do so, according to the provisions of the statute against frauds and perjuries, 2dly, because Langford was a purchaser for a valuable consideration wdtbout notice of Fraily’s equity. 3d!y, because the proof does not shew that Fraily has paid the consideration. And 4thly, because of the lapse of time from the date of the contract before the commencement of this suit,
The first and second of these objections were not relied on in the argument in this court, and are clearly untenable. The first, because Frailv’s right is not founded upon any promise or assurance made by Langford to Reed, but on the written obligation of the latter, and whether Lingford made any such promise or assurance, either verbally or m Writing, is wholly immaterial; and the seeond objection is not tenable, because it is not true in fact, as the testimony in the cause very abundantly shews.
The third and fourth objections, though relied on ill the argument, are evidently not maintainable.
As to the third objection, it may be sufficient to remark, that the proof in the cause clearly esftffilishes some pay-menls, and although neither the amount of the price nor of the payments is precisely ascertained, yet it is inferrible both from the conduct and conversation of Reed, that the payments were in full of the price agreed to be given. Besides, the payment of the price is alledged in the bilí, and ⅞® bill being taken for confessed as to Reed’s heirs, must be *364 taken to be true as to this point, for their interest is alone inv°lve(l in the question of payment.
Less than ;t Tn acton ai law for lands where the Uw]y sonnet tlier will it bar a suit in Seremedy ⅛ inequity/
Hardin for appellant, Pope for appellee.
Tio fourth objection it is a sufficient answer that there Was not twenty years from the date of Frailv’s purchase. and only about eleyen from’the date of the grant to Lang-ford before the commencement of this suit, and a lapse less than twenty-years from the accrual of the right of suit, I10 bar to the' assertion of an equitable right in a court chancery, as ii would not be to the assertion of a legal right in a court of law.
The decree of the circuit court must be reversed with costs, antl t,le cause remanded, that a decree may be there entered for the complainant, in conformity to the foregoing opinion.